IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-4053-CV-C-NKL |
| | ) |
| ROGER D. STOTTLEMYRE, | ) |
| JAMES RIPLEY, | ) |
| ERIC WILHOIT, and | ) |
| VINCENT ELLIS | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is the Defendants' Renewed Motion for Summary Judgment [Doc. # 81]. Also pending is Plaintiff David Hughes's ("Hughes") Motion to Strike [Doc. # 88]. The Court grants the Defendants' Renewed Motion for Summary Judgment and denies Hughes's Motion to Strike as Moot.

**I.      Defendants' Renewed Motion for Summary Judgment**

For purposes of Defendants' Renewed Motion for Summary Judgment, the Court assumes that Hughes engaged in protective speech. In addition, the law of the case is that Hughes has made a prima facie case of retaliation. Nonetheless, the Court finds that summary judgment should be granted in favor of the Defendants because they have produced evidence of legitimate non-retaliatory reasons for the actions taken against Hughes, including the four disciplinary complaints and investigations which led to

1

Hughes's demotion and transfer. No reasonable juror could find those reasons were pretextual; particularly because Hughes does not contest the facts relied on by Stottlemyre to demote and transfer him, and because it is uncontroverted that Stottlemyre did not know about Hughes's opposition to the Bates County plan.

To reach its ultimate conclusion, the Court has applied the burden shifting test first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), even though Hughes argues that the Court should use only the burden of proof analysis applied in *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The *Mt. Healthy* burden of proof standard is applicable when there is direct evidence of retaliation. *See Carroll v. United States Dep't of Labor*, 78 F.3d 352 (8th Cir. 1996). For purposes of summary judgment, the direct/circumstantial evidence distinction is still applicable even after *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *See Johnson v. AT&T Corp.*, 422 F.3d 756 (8th Cir. 2005). Because there is no direct evidence of retaliation in this case, the *McDonnell Douglas* burden shifting paradigm applies. *See Okruhlik v. Univ. of Arkansas*, 395 F.3d 873, 878 (8th Cir. 2005), and *Duffy v. McPhillips*, 276 F.3d 988 (8th Cir. 2002).

The Court is unpersuaded by Hughes's argument that the Eighth Circuit has mandated that *Mt. Healthy* is the controlling burden of proof standard for all purposes in this case. Because the Eighth Circuit found that this Court should not have gone past the prima facie stage of analysis, it never reached the issue of what burden of proof standard applied after the prima facie case was established. The *Mt. Healthy* and *McDonnell*

2

*Douglas* burden of proof standards are functionally equivalent for purposes of establishing a prima facie case. Therefore, the Court does not believe that the Eighth Circuit's reference to the *Mt. Healthy* burden of proof standard is evidence that the Eighth Circuit found direct evidence of retaliation. The Eighth Circuit's discussion of Hughes's evidence strongly suggests otherwise and Hughes has not even attempted to show that he has presented direct evidence of retaliation.

One final issue must be addressed. Plaintiff claims that the adverse action in this matter is not Hughes's demotion and transfer, it is the disciplinary reports instigated by the Defendants. For purposes of summary judgment, the Court has considered both. Furthermore, it has assumed that the disciplinary investigations and reports, standing alone, would constitute an adverse action, although there is a good argument to the contrary. *Zelnick v. Fashion Institute of Technology,* 464 F.3d 317 (2nd Cir. 2006).

Nonetheless, the Court concludes that there is insufficient evidence of pretext to warrant a jury trial on that issue. Hughes admits to the facts contained in the disciplinary reports and Stottlemyre, an independent fact finder who was not aware of Hughes's speech, found that these facts showed a violation of patrol policy warranting discipline. Hughes has failed to show that similarly situated people engaged in similar conduct but were not investigated by the Defendants or anyone else in the Highway Patrol. Nor has Hughes shown that he was such a well liked and superior Highway Patrolman that his conduct would have been overlooked by the Defendants, but for his speech about Bates County patrol assignments. Corporal Fisher was the catalyst for the disciplinary

3

complaints against Hughes, and Wilhoite had no knowledge of Hughes's opposition to the Bates County consolidation plan when he was assigned to complete an investigation of Fisher's charges. The first and second investigations were completed and the third, substantially completed, by the time he even knew about Hughes's statements concerning the consolidation plan. Finally, the record does not support a finding that Wilhoite lied when he said that he learned, during his first investigation, that Hughes had three other alleged conduct violations. However, even if it did, this is too thin a reed to support a finding that the disciplinary investigations and reports were the result of a conspiracy between Ellis, Riley, Wilhoite and Fisher to retaliate against Hughes because of his statements concerning the consolidation plan.

**I.      Hughes's Motion to Strike**

Because the Court has not considered, for purposes of summary judgment, the specific portions of the evidence objected to by Hughes in his Motion to Strike, the Motion is denied as moot.

**III.    Conclusion**

Accordingly, it is hereby

ORDERED that Defendants' Renewed Motion for Summary Judgment [Doc. # 81] is GRANTED;

ORDERED that Plaintiff's Motion to Strike [Doc. # 88] is DENIED as moot.

s/ Nanette K. Laughrey

NANETTE K. LAUGHREY
United States District Judge

DATED: December 4, 2006
Jefferson City, Missouri